**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**
Plaintiff,

v.                                         **CRIMINAL CASE NO.: 03-331 (DRD)**

**JOSE VALDIVIA DELGADO,**
Defendant

## ORDER

The Government charged defendant Jose Valdivia Delgado with a two count indictment for violations to Title 21 U.S.C. §§ 841(a)(1), 846, 952(a), and 963. Count One of the indictment charges defendant with participating in a conspiracy to possess with intent to distribute one kilogram or more of heroin. Count Two of said indictment charges defendant with conspiracy to commit an offense against the United States by having imported into the United States, from Aruba, one kilogram or more of heroin. Defendant had previously filed two separate motions to suppress for the Government having allegedly failed to establish "necessity" for the wire interceptions as required under TitleIII. (Docket Nos. 102, and 103). Subsequently, the Court denied those motions to suppress for having been filed in an untimely manner, and against the case management order. (Docket Nos. 108, and 109). Defendant then proceeded to file a third request titled *Additional Motion to Suppress Wiretap Evidence Under Title III.* (Docket No. 125). Through said motion, defendant, once again, raises and challenges the issue of necessity under Title II, thus, moves the Court to suppress all wiretap evidence pertaining to herein defendant in the instant case. On July 15, 2005, the Court referred all pending motion (including the one at hand) to Magistrate Judge Aida Delgado Colon for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b), and Local Rule 72.1(b). (Docket No. 131). The Magistrate filed her Report and Recommendation ("RR") on September 7, 2005. (Docket No. 140). In a thorough report, the Magistrate recommended that defendants' motion to suppress be denied. Defendant timely filed his objections to the RR on September 14, 2005. (Docket No. 142, and 143). Defendants timely replied to plaintiff's objections on September 15, 2005. (Docket No. 143).

The Magistrate correctly and clearly pointed out that any objections to the RR must be filed with the Clerk of Court within five (5) days after being served with a copy thereof after the District Court had placed parties on notice that the time to file objections to any RR issued was to be limited to five (5) days on July 15, 2005. *See also* Fed.R.Civ.P. 72(b) and Local Rule 72.1(b). Pursuant to Fed.R.Civ.P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1ˢᵗ Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1ˢᵗ Cir. 1992). *See also* Henley Drilling Co.  v. McGee, 36 F.3d 143, 150-51 (1ˢᵗ Cir. 1994)

(holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified".); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). *See generally* United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

After conducting a *de novo* review of the record, the Court has found that the RR thoroughly and correctly addressed the issues presented by the defendant. *See* Gioiosa v. United States, 684 F.2d 176 (1st Cir. 1982) (district court was required to make a *de novo* determination of those portions of magistrate's report objected to, which recommended that a habeas corpus petition be denied); *but see* Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985, 990-91 (1st Cir. 1988) ("At most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal. The rule does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate.").

In addition, the objections raised by defendant in the objections to the RR fail to state any new facts or case law in support of previous averments. Thus, following the words of wisdom of the First Circuit Court of Appeals, "when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate," the Court **ADOPTS *in toto*** the Magistrate's excellent RR. *See* Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996). *See* In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993) ("Where, as here, a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate.").

Defendant objects the Magistrate's RR on the following Fourth Amendment grounds: (1) that the Government did not provide any evidence as to the compliance with Aruban laws as a Fourth Amendment admissibility issue, and (2) that the wiretapping was conducted through substantial participation of the Government's agents and for federal prosecution purposes resulting in a "joint venture" between the federal agents and foreign authorities. However, defendant failed to present or even make arguments outside of those already made in the previous requests to suppress. Defendant merely rehashed the arguments already raised thereto.

However, the Court finds that the Magistrate correctly concluded that the evidence before the Court was sufficient to find that the United States did not participate in the wiretap interceptions (authorized by Aruban authorities and in accordance with Aruban law), nor that, even if there was some involvement of the United States, said hypothetical involvement was so extensive or significant that it converted the Aruban operative into an operation by and of the United States. On the contrary, defendant's proffer of evidence has been insufficient to show that the operative was one of the United States. Consequently, there are no legal issues that would move the Court to

reason that Title III standards apply to the wiretap evidence at issue.  No hearing was requested on the issue.  Hence, the Court agrees with the Magistrate's well reasoned recommendation sustaining that defendant's claim and demand that the Government must establish necessity, reasonableness, or minimization of the wiretapping or electronic surveillance is meritless since the wiretap was performed under the laws and supervision of the Judicial authorities of Aruba.  The federal wiretap law is not extraterritorial.  <u>United States v. Catroni</u>, 527 F.2d 708, 711 (2nd Cir. 1975).

The Court need not go further for it refuses to write "at length to no other end than to hear its own words resonate" as to the instances alleged as errors by plaintiff.  They were all correctly analyzed with references to the record by the Magistrate Judge.  *See* <u>Lawton v. State Mut. Life Assur. Co. of Am.</u>, 101 F.3d at 220.  "Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate."  <u>In re San Juan Dupont Plaza Hotel Fire Litig.</u>, 989 F.2d at 38.  Therefore, the Court **ADOPTS** *in toto* the Magistrate's RR.

**IT IS SO ORDERED.**

**DATE: October 25, 2005**                                        <u>S/ Daniel R. Dominguez</u>
                                                                                   **DANIEL R. DOMINGUEZ**
                                                                                   **U.S. DISTRICT JUDGE**