IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                              CIVIL NO. 03-331(DRD)

JOSE VALDIVIA-DELGADO,
Defendant

**SECOND AMENDED ORDER**[1]

| MOTION | RULING |
|---|---|
| **Date Filed: 1/27/2006**<br>**Docket #153**<br>[X] **Plaintiff**<br>[] **Defendant**<br>**Title:** United States' Emergency Motion Requesting Continuance of Trial | **SUMMARILY DENIED.** The instant Jury Trial was scheduled on November 8, 2005, that is over 90 days were provided to the parties to prepare for trial including preparation and availability of witnesses. Now, within nine (9) days from Trial, the Government moves the Court to continue the Jury Trial because two (2) foreign essential witnesses will not be available. The Court is <u>concerned</u> with the fact that unavailability of witnesses may violate defendant's rights under the Speedy Trial <u>under the 6th Amendment</u>. Attorneys must keep in mind that it is they that have to fit the court into their schedules, and not the other way around. Finally, the Government is advised that at the Trial Setting Conference held on November 8, 2005, the parties were advised that no further continuances were to be granted and should any further motion for continuance and/or dispositive motion were to be filed, said requests would be summarily denied. (*See* Minutes of Proceedings, Docket No. 15). Accordingly, the Government motion requesting continuance of Jury Trial is hereby **SUMMARILY DENIED**. |

---

[1] There was an error in the Order issued at Docket Entry No. 159 in that the correct Docket No. of the Minutes of Proceedings citing <u>U.S. v Santiago Becerril</u>, should have been Docket No. 150. Further, the Court clarifies that the case was originally scheduled to be tried within the Speedy Trial Act <u>after the Court finished the trial of</u> the case of <u>U.S. v. Acevedo-Cruz</u>, Criminal No. 04-381(DRD)<u>(defendant Acevedo-Cruz represented also by counsel Nogueras)</u> but counsel for defense advised he could not be available because trial commitments in a kidnaping case in the local state courts. (*See* Docket No. 150). Therefore, the Court hereby **AMENDS** the Order entered at Docket Entry No. 159.

| | |
|---|---|
| **Date Filed: 1/31/06**<br>**Docket #154**<br>[ ] **Plaintiff**<br>[X] **Defendant**<br>**Title:** Motion to Dismiss Under Speedy Trial Act | **SUMMARILY DENIED.** Counsel for defendant sustains that a term of one hundred and four days (104) have elapsed from the time the Court provided the last ruling on a defendant's motion until the scheduled Trial date. Further, counsel affirms that since the defendant has been incarcerated since November 18, 2003, and the Speedy Trial Act provides that no continuance shall be granted for the Government's failure to obtain available witnesses.<br>Firstly, the Court notices that on November 8, 2005, the parties were advised that defendant's rights under the Speedy Trial Act were not violated due to the unavailability of the Court's calendar pursuant to U.S. v. Santiago Becerril, 130 F.3d 11, 19 (1st Cir. 1997)(defendant's counsel not available on the date within the Speedy Trial Act, the Court may then set the Trial at a reasonable date within the Court's calendar.) (*See* Minutes of Proceedings, Docket No. 150). Furthermore, the scheduled Trial Date was provided because counsel Nogueras had continuously requested continuances and the Court, graciously, accommodated counsel for defendant due to other commitments in his calendar. Finally, defendant is advised that at the Trial Setting Conference held on November 8, 2005, the parties were advised that no further continuances were to be granted and should any further motion for continuance and/or dispositive motion were to be filed, said motions would to be summarily denied. (*See* Minutes of Proceedings, Docket No. 15). Therefore, the Court has **Summarily Denied** the Government's request for a Continuance (*See* ruling to Docket Entry No. 153). |

**IT IS SO ORDERED.**[2]
In San Juan, Puerto Rico this 6th day of February 2006.

                                            **S/DANIEL R. DOMINGUEZ**
                                            **DANIEL R. DOMINGUEZ**
                                            **U.S. DISTRICT JUDGE**

---

[2] The Court has detected structuring errors and further clarifications that have been corrected in this Second Amended Order. Therefore, the Court hereby **AMENDS** the Order entered at Docket No. 164.